IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-3065-RM-MJW

HENRY ROLLIE,

    Plaintiff,

v.

MARK POTTER, Associate Vice President Undergraduate Studies being sued in his Individual Capacity,
KIMBERLY WILLIAMS, Director Student Intervention Services being sued in her Individual Capacity, and
CHRISTINA NYGUYEN, Bursar being sued in her Individual Capacity,

    Defendants

---

## ORDER
---

This matter is before the Court on Plaintiff's "Objections to the Magistrate Judge's Order Vacating and Setting Aside the Scheduling Conference" (the "Objection") (ECF No. 65), objecting to the Magistrate Judge's Minute Order (ECF No. 61) granting Defendants' "Motion to Vacate Scheduling Conference and to Stay Proceedings Pending Determination of Qualified Immunity" (the "Motion to Stay") (ECF No. 59). The Minute Order granted Defendants' Motion to Stay in light of their pending Amended Motion to Dismiss based on, among other things, qualified immunity. (ECF No. 49.) Plaintiff's Objection argues this Minute Order should be set aside or this Court should conduct a de novo hearing on the propriety of the stay. For the reasons stated below, the Objection is OVERRULED.

Where a party timely objects to a Magistrate Judge's ruling on a nondispositive matter, the Court must consider such objections and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (same).[1]

It is well established that "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The immunity is "from suit rather than a mere defense to liability." *Id.* (citation and quotation omitted). Accordingly, pretrial matters such as discovery are to be avoided, if possible. *Id.*

In this case, Plaintiff's only argument as to why a stay is not warranted is that Defendants allegedly "have no qualified immunity." But, whether Defendants have qualified immunity is the very issue to be resolved, and the reason why the Magistrate Judge determined that a stay is appropriate until the issue is resolved. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (stating that qualified immunity claims against government officials should be resolved prior to discovery). Accordingly, the Court finds the Magistrate Judge's analysis and conclusion that a stay is appropriate are neither clearly erroneous nor contrary to law.

---

[1] As stated, Plaintiff argues, in the alternative, that a de novo hearing is required. This standard, however, does not apply. *See* Fed. R. Civ. P. 72(b)(3) (When a magistrate judge issues a recommendation on a dispositive matter, the district court judge should "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to.") Even assuming, *arguendo*, this standard applies, the Court's review shows no error in the Magistrate Judge's determination.

It is therefore **ORDERED** that Plaintiff's Objections to the Magistrate Judge's Order Vacating and Setting Aside the Scheduling Conference (ECF No. 65) is **OVERRULED**.

DATED this 15th day of November, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge