IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03065-RM-MJW

HENRY ROLLIE,

Plaintiff,

v.

MARK POTTER, Associate Vice President Undergraduate Studies Being Sued in His Individual Capacity,
KIMBERLY WILLIAMS, Director Student Intervention Services Being Sued in Her Individual Capacity, and
CHRISTINA NGUYEN, Bursar Being Sued in Her Individual Capacity,

Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S AMENDED MOTION TO DISMISS (DOCKET NO. 49)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order (Docket No. 50) referring the subject motion (Docket No. 49) issued by Judge Raymond P. Moore. Now before the Court is Defendants Mark Potter, Kimberly Williams, and Christina Nguyen's (collectively "Defendants") Amended Motion to Dismiss. (Docket No. 49.) The Court has carefully considered the motion, the response (Docket No. 51), the reply (Docket No. 52), and the sur-reply (filed without leave of Court). (Docket No. 54.) The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

# I. BACKGROUND

Unless otherwise noted, the allegations below are taken from the Second Amended Complaint (Docket No. 11), and described in the light most favorable to Plaintiff, who is proceeding *pro se*.

Plaintiff was enrolled at Metropolitan State University of Denver ("MSU"). In May 2015, Plaintiff received an email from Defendant Williams, the MSU Director of Student Intervention Services, informing him that he was being placed on academic warning status due to his poor grades, but explaining that "[s]tudents on Academic Warning are eligible to register and are encouraged to retake courses to improve their overall academic standing." Plaintiff then registered for the 2015 fall term.

In November 2015, about halfway through the semester, Plaintiff began receiving letters and emails from Defendant Nguyen, the MSU Bursar, about unpaid tuition. Ultimately, Defendant Nguyen placed a registration hold for non-payment on Plaintiff's account, and Plaintiff's outstanding tuition bills were sent to collections. Eventually, a collections hold was also placed on Plaintiff's past-due account.

On August 3, 2016, Plaintiff filed a grievance in which he complained that MSU deviated from its guidelines and policies in activating the registration holds. Plaintiff also stated that his inability to register for classes in two consecutive semesters resulted in the automatic cutoff of his financial aid and triggered loan repayment. Defendant Potter, MSU's Associate Vice President of Undergraduate Studies, responded to Plaintiff's grievance in an unsatisfactory manner.

The Court construes the claims alleged in the Second Amended Complaint as follows: 1) violations of due process alleged against Defendant Potter; 2) violations of

due process alleged against Defendants Williams and Nguyen; and 3) intentional infliction of emotional distress and breach of duty of good faith and fair dealing against Defendant Nguyen. Plaintiff requests money damages.

## II. LEGAL STANDARD

### a. Pro Se Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to

dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained

4

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III. ANALYSIS

**a. Due Process Claims**

Plaintiff brings his claims against Defendants in their individual capacities under 42 U.S.C. § 1983 for violations of his 14th Amendment due process rights. Defendants argue that these claims fail as a matter of law and are barred by qualified immunity.

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ..

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting § 1983). Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441

5

U.S. 600, 616-18 (1979).

Qualified immunity is an affirmative defense to a 42 U.S.C. § 1983 action, and provides immunity from suit from the outset. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). To "survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1122 (D. Colo. 2014) (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)). "In order for a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Quinn v. Young*, 780 F.3d 998, 1005-06 (10th Cir. 2015) (quoting *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (internal alterations and quotations omitted)). In addition, for a right to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010) (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1114–15 (10th Cir. 2007)).

Plaintiff alleges that Defendants violated his constitutional due process rights, although it is unclear what specific due process rights are implicated by Defendants' actions. "The Fourteenth Amendment provides that a state shall not 'deprive any person of life, liberty, or property, without due process of law.'" *Lauck v. Campbell Cnty.*, 627 F.3d 805, 811 (10th Cir. 2010) (quoting U.S. Const. amend. XIV, § 1). Relevant to this case, the 10th Circuit has recognized that individuals possess a property interest in

continued enrollment in public education. *See Gaspar v. Bruton*, 513 F.2d 843, 850 (10th Cir. 1975). However, it is the "actual payment of tuition [that] secures an individual's claim of entitlement." *Harris v. Blake*, 798 F.2d 419, 422 (10th Cir. 1986). Had Plaintiff had been expelled, suspended, or dismissed from MSU for any disciplinary or academic reasons, his due process rights may have been implicated. *See, e.g.*, *Brown v. Univ. of Kansas*, 599 F. App'x 833, 837 (10th Cir. 2015) (assuming without deciding that the plaintiff had a liberty or property interest implicated by his dismissal from law school). Plaintiff does not allege that MSU expelled or suspended him for misconduct. Nor does he appear to challenge his academic warning status: he admits that "his grade point average plummeted below 2.0" in the spring of 2015. (Docket No. 41 at p. 3.) Instead, Plaintiff avers that the registration and collection holds were placed on his account because he failed to pay his tuition. This does not implicate any constitutional right. Plaintiff does not, and cannot, point to any authority that establishes that he has a protected interest in attending a state university free-of-charge.

Moreover, Plaintiff admits that Defendant Nguyen notified him by "postal mail and email messages" that he owed tuition fees, and only "eventually" placed a hold on his ability to register for classes. Thus, even in the unlikely event that Plaintiff had some sort of due process right at stake, he received actual notice of the problem and a fair chance to remedy the situation; namely, by paying the balance of his delinquent account. This is all due process requires. *See Brown,* 599 F. App'x at 838 ("[T]he Due Process Clause . . . does not require the University to follow any specific set of detailed procedures as long as the procedures the University actually follows are basically fair ones[.]") (citation omitted).

Plaintiff's argument that Defendants, particularly Defendants Potter and Williams, violated clearly established law by failing to comply with MSU's guidelines and policies is equally unavailing. Plaintiff claims that MSU policy required that a registration hold be activated as soon as he was placed on academic warning status, but instead, Defendant Williams encouraged him to register for classes for the following semester. Plaintiff argues that Defendant Potter ratified this decision, and that his monetary damages flowed from these actions. However, Plaintiff does not specify what liberty or property right is at issue here. It cannot be a property interest in continued enrollment because Plaintiff is essentially arguing that he should **not** have been permitted to enroll at MSU for the 2015 fall term. In any event, a university's failure to follow its own academic rules does not, in itself, give rise to a due process violation. *See Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1185 (10th Cir. 2000) (citing *Board of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82, 92 n.8 (1978)).

Plaintiff has failed to allege sufficient facts that show that any of the Defendants plausibly violated his constitutional rights. Defendants are therefore entitled to qualified immunity, and Plaintiff's 14th Amendment claims should be dismissed.

**b. Intentional Infliction of Emotional Distress and Good Faith and Fair Dealing Claims**

Plaintiff asserts that Defendant Nguyen was responsible for placing the registration holds on his account and failing to restore his financial aid. Plaintiff brings claims for intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing against her. The former claim is barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 to 120. The latter

fails as a matter of law.

The CGIA applies to tort actions brought against public employees. *See* Colo. Rev. Stat. § 24-10-102. Under Colorado immunity law,

> [a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

*Id.* § 24-10-109(1). Intentional infliction of emotional distress lies in tort. Thus, the CGIA's notice requirements apply, and Plaintiff's failure to comply with those requirements acts as a jurisdictional bar to his claim. Moreover, Defendants' immunity is not waived under Colo. Rev. Stat. § 24-10-106(1). Accordingly, Plaintiff's tort claim should be dismissed.

As to Plaintiff's allegation that Defendant Nguyen breached the implied covenant of good faith and fair dealing, such a claim requires the existence of a contract. *See Denny Const., Inc. v. City & Cty. of Denver ex rel. Bd. of Water Comm'rs*, 170 P.3d 733, 737 (Colo. App. 2007), *rev'd on other grounds*, 199 P.3d 742 (Colo. 2009) (recognizing that "the implied covenant of good faith and fair dealing is a contractual covenant"). "A contract is formed when one party makes an offer and the other accepts it, and the agreement is supported by consideration." *Legro v. Robinson*, 2012 COA 182, ¶ 50, 328 P.3d 238, 246, *aff'd but criticized*, 2014 CO 40, ¶ 50, 325 P.3d 1053 (citation

omitted). Here, Plaintiff does not sufficiently allege the existence of a valid contract, much less that any of the Defendants, including Nguyen, breached that contract. His claim should therefore be dismissed under Rule 12(b)(6).

## IV. RECOMMENDATION

WHEREFORE, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Amended Motion to Dismiss (Docket No. 49) be **GRANTED** and that Plaintiff's Second Amended Complaint (Docket 11) be **DISMISSED** .

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

|  |  |
|---|---|
|  | BY THE COURT |
| Date:  February 8, 2018<br>           Denver, Colorado | s/ Michael J. Watanabe<br>Michael J. Watanabe<br>United States Magistrate Judge |